IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| BREANNE WALDEN, JACKIE GREAVU, | ) | CV 12-138-M-DLC |
| DANIELLE DUNCAN, SABRINA REMUS, | ) | |
| BARBARA SLOAN, KYRA TILSON, | ) | |
| JENNIFER DEMENT, JACKIE MULLENAX, | ) | |
| WHITNEY TRAEHOLT, SARA ONSAGER, | ) | |
| MOLLY STILSON, JESSICA BLACKWEASEL, | ) | |
| DANIELLE DESCHENES, BETH HAYES, | ) | |
| KEALLIE LIETZ, AMANDA GILBREATH, | ) | |
| and ANDREA DOSTIE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| D B & D, LLC (d/b/a DAHL'S COLLEGE OF | ) | |
| BEAUTY), DOUGLAS C. DAUGHENBAUGH, | ) | |
| BARBARA J. DAUGHENBAUGH, and | ) | |
| PHILIP G. BELANGIE, and DOES 1-50, | ) | |
| inclusive, | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants Douglas Daughenbaugh, Barbara Daughenbaugh, and Philip

Belangie filed a motion to dismiss Plaintiffs' complaint alleging it fails to

specifically allege claims against them as individual Defendants.  (Doc. 9.)

-1-

Plaintiffs' filed a motion to dismiss Defendants' counterclaims alleging

Defendants failed to allege an excuse for non-performance of the contract with

Plaintiffs.  (Doc. 14.)  Defendants' motion will be granted in part and Counts II,

III, and IV will be dismissed against the individual Defendants only.  Plaintiffs'

motion will be denied because Defendants' counterclaims state plausible breach of

contract and tortious interference with contract claims.

## I.  Facts

All Plaintiffs apart from Plaintiffs Gilbreath and Dostie were students of

Dahl's College of Beauty in Great Falls, Montana ("Student Plaintiffs").  The

Student Plaintiffs allege Defendants, as owners of Dahl's College of Beauty, failed

to provide qualified instructors and an adequate curriculum and expelled them

without cause in order to profit from their tuition payments and financial aid.

Plaintiffs allege the individual Defendants had a pattern and practice of enrolling

students for only a period of time until the school could keep the tuition payments

without providing a refund, then expelling students without cause or valid reason.

Plaintiffs allege the individual Defendants failed to follow their internal policies

for expulsion of students, including progressive discipline, counseling, probation,

suspension, expulsion hearings, and re-establishment of progress.

Plaintiffs Gilbreath and Dostie were employees of Dahl's until their

discharge ("Employee Plaintiffs").  Both the Employee and Student Plaintiffs allege their relative discharge or expulsion occurred after they filed internal or external complaints of unprofessional conduct by instructors, sexual harassment, health and safety violations, violations of licensing rules and regulations, and failure to conform to National Accrediting Commission of Career Arts & Sciences Standards.

Plaintiffs' complaint consists of five counts: Montana Unfair Trade Practice and Consumer Protection Act of 1973, Mont. Code Ann. § 30-13-101, et seq.; sexual harassment in violation of Title IX, 20 U.S.C. § 1681; Montana Wrongful Discharge in Employment Act, § 39-2-901, et seq.; Breach of Contract; and Unjust Enrichment.  Plaintiffs' sexual harassment claims are based on alleged inappropriate sexual conduct by a Dahl's instructor who later became the school director.

## II.  Motion to Dismiss Standard

To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Threadbare recitals of the elements of a claim and conclusory allegations are disregarded in determining whether a claim is stated.  *Alvarez v. Chevron Corp.*, 656 F.3d 925, 930-931 (9th

Cir. 2011).  Courts generally limit their considerations to the allegations in the complaint.  *Twombly*, 550 U.S. at 555-559.  Those allegations are accepted as true and viewed in a light most favorable to the plaintiff.  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

### III.  Defendants' Motion to Dismiss

### A.  Count I: UTPA/CPA Claim

Plaintiffs' UTPA/CPA claim will not be dismissed because their allegations state a plausible claim under the applicable statutes.  The UTPA/CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce [.]"  Mont. Code Ann. § 30-14-103. The statute defines "consumer" as "a person who purchases or leases goods, services, real property, or information primarily for personal, family, or household purposes." § 30-14-102(1). "Trade" and "commerce" are jointly defined as "the advertising, offering for sale, sale, or distribution of any services, any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value, wherever located, and includes any trade or commerce directly or indirectly affecting the people of this state." § 30-14-102(8).

The statute is interpreted broadly and flexibly so as to effect its object and promote justice.  *Baird v. Norwest Bank*, 843 P.2d 327, 333 (Mont. 1993).  "The

approach to defining what is meant by the word 'services' in the statute should be broad in scope." *Id.*  The *Baird* Court held that the UTPA/CPA applied to lending and collecting of consumer loans by banks.  *Id.* at 334.  The liberal construction applied to the UTPA/CPA does not require plaintiffs to have a consumer relationship with defendants in order to state a claim.  *McCullough v. Johnson*, 610 F.Supp.2d 1247, 1252 (Mont. 2009).

Plaintiffs' allegations that Defendants had a pattern and practice of enrolling students without a qualified curriculum and expelling the Student Plaintiffs after the tuition refund time had passed state a claim under the UTPA/CPA.  The Student Plaintiffs fall under the statute's broadly interpreted definition of consumer as persons who purchased services or information primarily for personal purposes.  The Student Plaintiffs purchased cosmetology instruction from Defendants for the purpose of gaining personal knowledge in the cosmetology industry.  Plaintiffs' allegations against Defendants also satisfy the trade and commerce requirements because Plaintiffs allege Defendants were unlawfully selling their cosmetology instruction services in a manner that directly affected Plaintiffs.  Viewing these allegations in a light most favorable to Plaintiffs and interpreting the statutory language liberally, as required, Plaintiffs state a claim under the UTPA/CPA against Defendants.

**B.  Count II**: **Title IX Violation**

Plaintiffs correctly concede that their Title IX claim is not asserted against the individual Defendants.  (Doc. 13 at 6.)  See *Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 636 (1999)("With regard to petitioner's claims under Title IX, the court dismissed the claims against individual defendants on the ground that only federally funded educational institutions are subject to liability in private causes of action under Title IX").  Defendants' motion will be granted on Count II and the individual Defendants will be dismissed as to this count.

**C.  Count III: Montana's Wrongful Discharge in Employment Act ("WDEA")**

Defendants correctly point out that the allegations in Count III of Plaintiffs' complaint are at odds with the arguments in their response brief regarding the WDEA.  Plaintiffs specifically and appropriately limit their WDEA claims to only the Employee Plaintiffs in the complaint.  (Doc. 1 at 8.)  However, in their response brief, Plaintiffs argue the claim applies to the Student Plaintiffs.  (Doc. 13 at 6-7.)  The WDEA applies to discharge from employment–not expulsion from school–so this claim will be analyzed only as to the Employee Plaintiffs.

Defendants argue the Employee Plaintiffs' WDEA claim against them fails because Plaintiffs fail to allege they worked for the individual Defendants.

The WDEA provides certain rights and remedies with respect to wrongful discharge and is the exclusive remedy for a wrongful discharge from employment. Mont. Code Ann. § 39–2–902.  The WDEA "does not envision lawsuits against corporate employees, officers or shareholders." *Buck v. Billings Montana Chevrolet, Inc.*, 811 P.2d 537, 543 (Mont.1991).  All of the remedies provided by the WDEA run against the employer. *Id.*  The vast majority of WDEA cases in Montana are solely against the entity that formerly employed the Plaintiff, not against the employer's owners or managers.  See *Johnson v. Costco Wholesale*, 152 P.3d 727 (Mont. 2007); *Kestell v. Heritage Health Care Corp.*, 858 P.2d 3 (Mont. 1993); *Becker v. Rosebud Operating Services, Inc.*, 345 Mont. 368 (Mont. 2008); *Schwartz v. Metro Aviation, Inc.*, 2009 WL 352599 (D.Mont. 2009).

The individual Defendants will be dismissed as to Count III.  Plaintiffs do not specifically allege they were employed by the individual Defendants.  More importantly, the WDEA "does not envision lawsuits against corporate employees" but rather against the entity that employed the terminated employee.  Plaintiffs do not provide any reason why a WDEA suit against the individual Defendants is appropriate in this case, or why the Court should stray from the law as interpreted by the Montana Supreme Court.  Plaintiffs WDEA claim will survive against D B & D (d/b/a Dahl's College of Beauty) for Employee Plaintiffs only.

-7-

**D.  Count IV: Breach of Contract**

Plaintiffs also concede that their breach of contract claim is not asserted against the individual Defendants.  This claim will be dismissed as to the individual Defendants.

**E.  Count V: Unjust Enrichment**

Montana law is not entirely clear on the issue of whether the doctrine of unjust enrichment applies only in the absence of a contract between the parties. In *Maxted v. Barrett* the Montana Supreme Court held that "[t]he theory of unjust enrichment and restitution is brought into play when no contract exists and the court implies a contract in law."  643 P.2d at 1164.  "The doctrine of unjust enrichment is an equitable means of preventing one party from benefitting from his or her wrongful acts, and in the absence of a contract between parties, it may create an implied contract in law."  *Hinebauch v. McRae*, 264 F.3d 1098, 1103 (D.Mont. 2011) citing *Estate of Pruyn v. Axmen Propane, Inc.*, 223 P.3d 845 (Mont. 2009).

However, the Montana Supreme Court has also held that "where one party repudiates a contract or breaches it by non-performance, the injured party may seek restitution of the unjust enrichment."  *Robertus v. Candee*, 670 P.2d 540, 542 (Mont. 1983).  Causes of action in Montana frequently contain breach of contract

and unjust enrichment claims, and the Montana Supreme Court reaches the merits of both claims. See *Randolph V. Peterson, Inc. v. J.R. Simplot Co.*, 778 P.2d 879 (Mont. 1989). Other requirements of an unjust enrichment claim include that a plaintiff must "show the element of misconduct or fault on the part of the defendant or that the defendant somehow took advantage of the plaintiff." *Estate of Pruyn*, 223 P.3d at 857. A plaintiff who suffers actual damage may maintain an action for unjust enrichment and recover the actual damage proved, for the benefit wrongfully obtained, or restitution of property wrongfully withheld, if the action is maintainable under existing law. Mont. Code Ann. § 27–1–602. In sum, it appears that while an implied contract cannot exist absent unjust enrichment, an unjust enrichment claim can exist, at least in some circumstances, in the presence of a contract between the parties.

Given the ambiguous and somewhat contradictory state of Montana law on this issue, Plaintiffs' unjust enrichment claim will not be dismissed at this time. Plaintiffs' allegation that the individual Defendants established Dahl's as a front to accept tuition from students without providing an education is sufficient to state a claim for unjust enrichment.

## IV. Plaintiffs' Motion to Dismiss Counterclaims

Plaintiffs move to dismiss Defendant Dahl's counterclaims for failing to

allege performance of the contract and failing to allege unlawful or malicious

conduct regarding the tortious interference with contract counterclaim.  Plaintiffs'

motion will be denied because Defendant's allegations state plausible breach of

contract and tortious interference with contract claims.

## A.  Breach of Contract Counterclaim

Defendant first alleges that several Student Plaintiffs breached their Student

Enrollment Contracts and owe Dahl's various sums for unpaid tuition and fees.

Plaintiffs aver Defendant failed to allege a valid excuse for its nonperformance of

the contract by failing to provide an adequate education so the counterclaims must

be dismissed.  A material breach of a contract gives rise to the equitable remedy of

rescission for the non-breaching party.  *Norwood v. Service Distributing, Inc.*, 994

P.2d 25, 31-33.  The determination of whether a breach is material is a question of

fact.  *Id.* at 33.  "A party who breaches a contract cannot claim entitlement to that

contract's benefits after such breach. . . . A party to a contract cannot take

advantage of his own act or omission to escape liability thereon."  *Western Media,*

*Inc. v. Merrick*, 757 P.2d 1308, 1312 (Mont. 1988) (citing *Gramm v. Insurance*

*Unlimited*, 378 P.2d 662, 665 (Mont. 1963)).

Defendant's allegations that Dahl's is an accredited and licensed

cosmetology school and Plaintiffs breached their Student Enrollment Contracts are

sufficient to state a breach of contract claim.  Whether Plaintiffs were entitled to rescind their contracts due to Defendants' non-performance or whether Plaintiffs breached their contracts by failing to pay their tuition and fees is a factual dispute that is at the heart of this case.  Factual disputes cannot be resolved on a motion to dismiss, so Plaintiffs' motion must be denied as to this counterclaim.

## B.  Tortious Interference with Contract Counterclaim

Defendant next alleges Plaintiff Amanda Gilbreath, Dahl's former financial aid director, tortiously interfered with Dahl's student enrollment contracts by inciting students to quit the school.  Plaintiffs contend Defendant failed to allege Plaintiff Gilbreath committed any unlawful or malicious acts as required for a tortious interference with contract claim.  To establish a claim of tortious interference with contract, a plaintiff must prove the defendant's acts: "1) were intentional and willful; 2) were calculated to cause damage to the plaintiff in his or her business; 3) were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor; and 4) that actual damages and loss resulted." *Emmerson v. Walker*, 236 P.3d 598, 603 (Mont. 2010).

Plaintiffs cite to *Lachenmeir v. First Bank Systems, Inc.* for the proposition that "unlawful and malicious" acts are required to establish a tortious interference

with contract claim.  803 P.2d 614 (Mont. 1990).  The Montana Supreme Court has not used the malicious requirement in its more recent tortious interference cases, replacing it with an "intentional and willful" standard.  See *Emmerson*, 236 P.3d at 603; *Hardy v. Vision Serv. Plan*, 120 P.3d 402 (Mont. 2005); *Hughes v. Lynch*, 164 P.3d 913 (Mont. 2007).  As the Montana Supreme Court no longer appears to require malice to sustain a tortious interference with contract claim, the Court will not enforce that requirement at the pleading stage in this case.

Defendant's allegations that Plaintiff Gilbreath contacted students after she was fired from Dahl's with the intent of causing enough withdrawals to force Dahl's to close states a claim for tortious interference with a contractual relationship.  The allegations demonstrate intentional and willful conduct calculated to cause Dahl's damage without justifiable cause.  Dahl's alleges it sustained damages as a result of students leaving the school and prospective students not enrolling.  Defendant's allegations state a claim and Plaintiffs' motion to dismiss must be denied.  Accordingly,

IT IS ORDERED that Defendants' motion to dismiss (doc. 9) is GRANTED IN PART AND DENIED IN PART.  Counts II, III, and IV are dismissed against the individual Defendants.

IT IS FURTHER ORDERED that Plaintiffs' motion to dismiss Defendants'

counterclaims (doc. 14) is DENIED.

Dated this 28th day of January, 2013.


_____
Dana L. Christensen, District Judge
United States District Court